816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIRST NATIONAL BANK OF BARNESVILLE, Plaintiff-Appellee,
v.
Charles L. CANTRELL, Defendant-Appellant.
 No. 86-2080.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1987.
Decided April 6, 1987.
 
 Before HALL and CHAPMAN, Circuit Judges, and MICHAEL, District Judge for the Western District of Virginia, sitting by designation.
 Dana Covington Mitchell, III (Capers Bouton; Mitchell and Bouton, on brief), for appellant.
 Gwendolyn G. Embler (Johnnie M. Walters; Leatherwood, Walker, Todd and Mann, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The plaintiff bank brought this action for deficiency judgment on two separate notes which the defendant had personally guaranteed for the debtor CJC Industries, Inc. The defendant raised several affirmative defenses which grew out of his allegation that the bank had not disposed of the collateral in a commercially reasonable fashion. The bank moved for summary judgment before trial and the district court granted this motion in part. Consequently the only issue which remained at trial was whether the bank had committed wilful acts or omissions resulting in injury to the collateral or had exercised bad faith in its disposition of the collateral.
 
 
 2
 At the close of the bank's case-in-chief, it moved for a directed verdict. The district court granted this motion and the defendant has appealed, arguing that the district court erred in directing a verdict before he had the opportunity to testify or present evidence, and the district court erred in directing a verdict when issues of fact still remained for the jury to decide.
 
 
 3
 Rule 50 of the Fed.R.Civ.P. permits a motion for a directed verdict at only three places in the course of a trial. The motion may be heard after the opening statement of adverse counsel, at the close of the evidence offered by an opponent, or at the close of all of the evidence. 5A Moore's Federal Practice, Sec. 50.04. Thus, under Rule 50 the district court should have given the defendant the opportunity to present his case and erred by not doing so.
 
 
 4
 The defendant raised affirmative defenses, which if proven would have been sufficient to reduce or to defeat the plaintiff's claim. By directing a verdict prematurely the district court deprived the defendant of an opportunity to prove his defenses and left material questions of fact unresolved. For these reasons we believe that the decision of the district court should be reversed and this matter remanded for a new trial.
 
 
 5
 REVERSED AND REMANDED.